IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FINSA DEVELOPMENT CORPORATION | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. B-02-043 |
| VS. | § | |
| | § | |
| WALNUT GROVE L.L.C. | § | |
| | § | |
| Defendants. | § | |

United States District Court
Southern District of Texas
FILED

MAR 0 7 2002

Michael N. Milby
Clerk of Court

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Walnut Grove L.L.C. files this Notice of Removal of this civil action from State Court to Federal Court pursuant to 28 U.S.C. §§ 1441 and 1446, and in support thereof would respectfully show the Court as follows:

1. Plaintiff Finsa Development Corporation commenced this case as a civil action in the 404th Judicial State District Court of Cameron County, Texas on or about February 13, 2002.

2. This case is removable to federal court pursuant to 28 U.S.C. § 1441 because of diversity jurisdiction under 28 U.S.C. § 1332. This district court is in the district and division where the state court suit was filed and pending. The state court suit involves a complete diversity of citizenship over which this federal court has original jurisdiction. Plaintiff Finsa Development Corp. is a Texas corporation whose principal place of business is in Brownsville, Texas. Defendant Walnut Grove L.L.C. is an Illinois organization with its principal place of business in Illinois. None of the named defendants are citizens of Texas. The amount in controversy exceeds $75,000.00, based upon the prayer for more than $500,000 in damages alleged in Plaintiff's state court petition. (copy attached).

3. This removal was timely filed within thirty days of service of the state court suit, which was served upon defendant on or about February 15, 2002. 28 U.S.C. §1446(b).

4.. Pursuant to Local Rule 81 for the United States District Courts for the Southern District of Texas and 28 U.S.C. § 1446(a), this Notice of Removal attaches the following documents: (1) all executed process in the case, (2) all pleadings filed in state court, (3) all orders signed by the state judge, if any, (4) the docket sheet from the state court, (5) an index of matters being filed, and (6) a list of all counsel of record, including addresses, telephone numbers and parties represented.

5. Defendant is promptly serving a copy of this Notice of Removal on all adverse parties and shall promptly file a copy of this notice of removal with the clerk of the Texas state court in which the action was pending prior to removal.

Respectfully submitted

By: /s/ Ralph Midkiff
Ralph A. Midkiff
Texas Bar No. 14025400
1000 Louisiana, Suite 1800
Houston, Texas 77002-5009
(713) 654-7600
(713) 654-7690 (fax)

**Attorney-in-Charge for Walnut Grove L.L.C.**

OF COUNSEL:

CLEMENTS, O'NEILL, PIERCE, WILSON & FULKERSON, L.L.P.
1000 Louisiana, Suite 1800
Houston, Texas 77002-5009
(713) 654-7600
(713) 654-7690 (fax)

David Oliveira
ROERIG, OLIVEIRA & FISHER, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520
(956) 542-5666
(956) 542-0016 (fax)

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was duly served upon counsel of record on this 7th day of February, 2002, addressed as follows:

William A. Faulk, Jr.
Daniel P. Whitworth
Renfro, Faulk & Blakemore, L.L.P.
185 E. Ruben Torres, Sr. Blvd.
Brownsville, TX 78520

Ralph A. Midkiff

CAUSE NO. 2002-02-000645-G

| | | |
|---|---|---|
| FINSA DEVELOPMENT CORPORATION | § | IN THE 404th JUDICIAL |
| Plaintiff | § | |
| | § | |
| VS. | § | COURT OF |
| | § | |
| WALNUT GROVE L.L.C. | § | |
| Defendant | § | CAMERON COUNTY, TEXAS |

FILED 1:45 O'CLOCK P.M.
AURORA DE LA GARZA DIST. CLERK
FEB 13 2002

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

FINSA DEVELOPMENT CORPORATION, plaintiff, complains of WALNUT GROVE L.L.C., defendant, and for cause of action would show the following:

### PARTIES

FINSA DEVELOPMENT CORPORATION, plaintiff, is a corporation organized under the laws of the state of Texas, engaged in business as a general contractor with its registered office and principal place of business at 973 South Minnesota, Brownsville, Cameron County, Texas 78521.

WALNUT GROVE L.L.C., defendant, is a foreign limited liability company organized and existing under the laws of the state of Illinois, and is authorized to do business in the state of Texas. Defendant may be served with process by serving its registered agent for service of process, Management Services International, at 1805 N. Loop 499, Ste. #110, Harlingen, TX 78550.

### DISCOVERY CONTROL PLAN

Plaintiff FINSA DEVELOPMENT CORPORATION pleads that discovery should be conducted in accordance with a LEVEL 2 discovery control plan pursuant to Texas Civil Procedure Rule 190.3.

1

## VENUE

Venue is proper in Cameron County, Texas pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code in that Cameron County is the county in which all or a substantial part of the events or omissions giving rise to Plaintiff's claim occurred.

## JURISDICTION

Jurisdiction is proper in this court under Section 24.007 of the Government Code and Article V, Section 8 of the Texas Constitution because, among other things, this is a suit to enforce a lien on land and improvements.

## FACTUAL BACKGROUND

On or about October 22, 1999, plaintiff and defendant entered into a written contract entitled "Design/Build Agreement Between Owner and Contractor", by which plaintiff agreed to construct a warehouse facility in Los Indios, Cameron County, Texas, on property owned by defendant described as follows: A 256.808 acre tract of land compromised of 44.69 acres out of the West half of Share 22, 107.71 acres out of Share 21, 56.73 acres out of Share 20, 21.28 acres out of Tract 5 of the Partition of Share 19 and 26.40 acres of Tract "A" out of the East part of Share 19 as per Map recorded in Volume 13, Page 65, Map Records of Cameron County, Texas, Concepcion de Carricitos Grant, Cameron County, Texas.

The contract referred to plans and specifications for this facility, and plaintiff was required to comply with the same and provide all construction labor and material necessary to complete the project. Defendant agreed to pay to plaintiff the sum of Two Million Nine Hundred Nineteen Thousand One Hundred Eleven Dollars ($2,919,111.00) plus the additional value of any adjustments, in consideration, payable in interim payments upon application for payment made by

the Plaintiff. A copy of the contract is attached as *Exhibit "A"* and incorporated herein by reference as if fully set forth at length.

Plaintiff has fully performed all conditions, covenants, and promises required under the contract to be performed on plaintiff's part. However, there remains due and owing to plaintiff the sum of $ 531,966.00 with interest accruing on late payments, which defendant has failed to pay and refuses to pay, although plaintiff has made a proper demand for payment of such sum. Defendant's actions in refusing to pay the agreed to amount is a breach of the construction contract.

Plaintiff has performed all conditions precedent necessary to establish and perfect its mechanic's lien in accordance with the constitution and the statutes of this state, which mechanic's lien secures the payment of sums due under the aforementioned contract against the above described land and improvements of the defendant.

Pursuant to Texas Civil Practice and Remedies Code, section 38.001, et seq., Plaintiff presented a claim to the defendant demanding payment for the above described unpaid amount due and owing under the contract. More than thirty days have passed since the demand was made but the defendant has failed and refused to pay plaintiff the just amount due.

In the alternative, Plaintiff alleges that it substantially performed it duties under the construction contract; that the amount of consideration owed plaintiff is the agreed to remaining contract price of $ 531,966.00; and that only remedial defects, if any, remain on the contract.

In the alternative, Plaintiff alleges that it performed valuable services and furnished materials which Defendant has benefitted from in its use of the land and facility. These services were compensable and Plaintiff provided the services expecting to be paid. The Defendant knowingly accepted and used the services with the knowledge that Plaintiff expected to be paid.

3

Plaintiff therefore pleads in the alternative in quantum meruit for the fair value of its services and materials provided to defendant.

### ATTORNEY FEES

As the result of defendant's failure to comply with the terms of the contract, plaintiff has found it necessary to employ an attorney to bring suit on the contract to foreclose the mechanic's lien. Plaintiff is therefore entitled to recover the additional sum of at least $ 5,000.00 to compensate plaintiff for reasonable attorney's fees, and in the event of an appeal, an additional amount of at least $5,000.00. In addition to attorney's fees, plaintiff has incurred reasonable costs of collection in order to obtain payment of the lien.

WHEREFORE, plaintiff requests that defendant be cited to appear and answer, and that on final hearing plaintiff have:

1. Judgment against defendant for $531,966.00 or alternatively judgment for the quantum meruit value of improvements made by the plaintiff to defendant's property;
2. Judgment establishing plaintiff's constitutional and statutory lien on the land and improvements;
3. Prejudgment and postjudgment interest at the highest rate allowed by law;
4. Reasonable and necessary attorney's fees;
5. An order of foreclosure of defendant's lien on the above-described property and improvement;
6. An order of sale and writ of possession directing that the proceeds of the sale be applied against the judgment requested in number 1, above;
7. Costs of court;
8. Such other and further relief to which plaintiff may be justly entitled.

Respectfully submitted,
Rentfro, Faulk & Blakemore, L.L.P.

*William Faulk*

Of Counsel:
Rentfro, Faulk & Blakemore, L.L.P.
185 E. Ruben Torres, Sr. Boulevard
Brownsville, Texas 78520
Tel: (956) 541-9600
Fax: (956) 541-9695

William A. Faulk, Jr.
SBOT # 06855100
CCID# 9202
Daniel P. Whitworth
SBOT # 24008275
Attorneys for the Plaintiff

4

STATE OF TEXAS                §
                              §
COUNTY OF CAMERON             §

Nick Soto, the secretary of PINSA DEVELOPMENT CORPORATION, the Plaintiff named above, being by me duly sworn, stated that he has read the forgoing Plaintiff's Original Petition and that he has personal knowledge that every statement made therein is true and correct.

_____
NICK SOTO

SUBSCRIBED AND SWORN TO before me on this __12__ day of February, 2002.



_____
Notary Public • State of Texas

5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FINSA DEVELOPMENT CORPORATION § | | |
| § | | |
| Plaintiff, § | | B-02-043 |
| § | | |
| VS. § | CIVIL ACTION NO. _____ | |
| § | | |
| WALNUT GROVE L.L.C. § | | |
| § | | |
| Defendants. § | | |

### INDEX OF DOCUMENTS

1. Original Petition

2. Citation: Walnut Grove, L.L.C.

3. State Court Docket Sheet

4. List of All Counsel of Record

CAUSE NO. 2002-02-000645-G

| | |
|---|---|
| FINSA DEVELOPMENT CORPORATION § | IN THE 404th JUDICIAL DISTRICT |
| Plaintiff § | |
| § | |
| VS. § | COURT OF |
| § | |
| WALNUT GROVE L.L.C. § | |
| Defendant § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

FINSA DEVELOPMENT CORPORATION, plaintiff, complains of WALNUT GROVE L.L.C., defendant, and for cause of action would show the following:

### PARTIES

FINSA DEVELOPMENT CORPORATION, plaintiff, is a corporation organized under the laws of the state of Texas, engaged in business as a general contractor with its registered office and principal place of business at 973 South Minnesota, Brownsville, Cameron County, Texas 78521.

WALNUT GROVE L.L.C., defendant, is a foreign limited liability company organized and existing under the laws of the state of Illinois, and is authorized to do business in the state of Texas. Defendant may be served with process by serving its registered agent for service of process, Management Services International, at 1805 N. Loop 499, Ste. #110, Harlingen, TX 78550.

### DISCOVERY CONTROL PLAN

Plaintiff FINSA DEVELOPMENT CORPORATION pleads that discovery should be conducted in accordance with a LEVEL 2 discovery control plan pursuant to Texas Civil Procedure Rule 190.3.

1

## VENUE

Venue is proper in Cameron County, Texas pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code in that Cameron County is the county in which all or a substantial part of the events or omissions giving rise to Plaintiff's claim occurred.

## JURISDICTION

Jurisdiction is proper in this court under Section 24.007 of the Government Code and Article V, Section 8 of the Texas Constitution because, among other things, this is a suit to enforce a lien on land and improvements.

## FACTUAL BACKGROUND

On or about October 22, 1999, plaintiff and defendant entered into a written contract entitled "Design/Build Agreement Between Owner and Contractor", by which plaintiff agreed to construct a warehouse facility in Los Indios, Cameron County, Texas, on property owned by defendant described as follows: A 256.808 acre tract of land compromised of 44.69 acres out of the West half of share 22, 107.71 acres out of Share 21, 56.73 acres out of Share 20, 21.28 acres out of Tract 5 of the Partition of Share 19 and 26.40 acres of Tract "A" out of the East part of Share 19 as per Map recorded in Volume 13, Page 65, Map Records of Cameron County, Texas, Concepcion de Carricitos Grant, Cameron County, Texas.

The contract referred to plans and specifications for this facility, and plaintiff was required to comply with the same and provide all construction labor and material necessary to complete the project. Defendant agreed to pay to plaintiff the sum of Two Million Nine Hundred Nineteen Thousand One Hundred Eleven Dollars ($2,919,111.00) plus the additional value of any adjustments, in consideration, payable in interim payments upon application for payment made by

2

the Plaintiff. A copy of the contract is attached as *Exhibit "A"* and incorporated herein by reference as if fully set forth at length.

Plaintiff has fully performed all conditions, covenants, and promises required under the contract to be performed on plaintiff's part. However, there remains due and owing to plaintiff the sum of $ 531,966.00 with interest accruing on late payments, which defendant has failed to pay and refuses to pay, although plaintiff has made a proper demand for payment of such sum. Defendant's actions in refusing to pay the agreed to amount is a breach of the construction contract.

Plaintiff has performed all conditions precedent necessary to establish and perfect its mechanic's lien in accordance with the constitution and the statutes of this state, which mechanic's lien secures the payment of sums due under the aforementioned contract against the above described land and improvements of the defendant.

Pursuant to Texas Civil Practice and Remedies Code, section 38.001, et seq., Plaintiff presented a claim to the defendant demanding payment for the above described unpaid amount due and owing under the contract. More than thirty days have passed since the demand was made but the defendant has failed and refused to pay plaintiff the just amount due.

In the alternative, Plaintiff alleges that it substantially performed it duties under the construction contract; that the amount of consideration owed plaintiff is the agreed to remaining contract price of $ 531,966.00; and that only remedial defects, if any, remain on the contract.

In the alternative, Plaintiff alleges that it performed valuable services and furnished materials which Defendant has benefitted from in its use of the land and facility. These services were compensable and Plaintiff provided the services expecting to be paid. The Defendant knowingly accepted and used the services with the knowledge that Plaintiff expected to be paid.

3

Plaintiff therefore pleads in the alternative in quantum meruit for the fair value of its services and materials provided to defendant.

### ATTORNEY FEES

As the result of defendant's failure to comply with the terms of the contract, plaintiff has found it necessary to employ an attorney to bring suit on the contract to foreclose the mechanic's lien. Plaintiff is therefore entitled to recover the additional sum of at least $5,000.00 to compensate plaintiff for reasonable attorney's fees, and in the event of an appeal, an additional amount of at least $5,000.00. In addition to attorney's fees, plaintiff has incurred reasonable costs of collection in order to obtain payment of the lien.

WHEREFORE, plaintiff requests that defendant be cited to appear and answer, and that on final hearing plaintiff have:

1. Judgment against defendant for $531,966.00 or alternatively judgment for the quantum meruit value of improvements made by the plaintiff to defendant's property;
2. Judgment establishing plaintiff's constitutional and statutory lien on the land and improvements;
3. Prejudgment and postjudgment interest at the highest rate allowed by law;
4. Reasonable and necessary attorney's fees;
5. An order of foreclosure of defendant's lien on the above-described property and improvement;
6. An order of sale and writ of possession directing that the proceeds of the sale be applied against the judgment requested in number 1, above;
7. Costs of court;
8. Such other and further relief to which plaintiff may be justly entitled.

Respectfully submitted,
Rentfro, Faulk & Blakemore, L.L.P.

*William (signature)*

Of Counsel:
Rentfro, Faulk & Blakemore, L.L.P.
185 E. Ruben Torres, Sr. Boulevard
Brownsville, Texas 78520
Tel: (956) 541-9600
Fax: (956) 541-9695

William A. Faulk, Jr.
SBOT # 06855100
CCID# 9202
Daniel P. Whitworth
SBOT # 24008275
Attorneys for the Plaintiff

4

STATE OF TEXAS §
§
COUNTY OF CAMERON §

Nick Soto, the secretary of PINSA DEVELOPMENT CORPORATION, the Plaintiff named above, being by me duly sworn, stated that he has read the forgoing Plaintiff's Original Petition and that he has personal knowledge that every statement made therein is true and correct.

                                                                 _____
                                                                              NICK SOTO

SUBSCRIBED AND SWORN TO before me on this __12__ day of February, 2002.


                                                                 _____
                                                                 Notary Public • State of Texas

5

...ation for Personal Service ___GENERAL___   Lit. Seq. # 5.002.01

No. 2002-02-000645-G

THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If ... or your attorney do not file a written answer with the clerk who issued this ...tion by 10:00 a.m. on the Monday next following the expiration of twenty ... after you were served this citation and petition, a default judgment may be ... against you.

WALNUT GROVE L.L.C.
SERVING ITS REGISTERED AGENT
MANAGEMENT SERVICES INTL.
1505 N. LOOP 499, STE. #110
HARLINGEN, TEXAS 78550

___DEFENDANT___, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

... before 10:00 o'clock a.m. of the Monday next after the expiration of 20 ... after the date of service of this citation before the Honorable District ... 404th Judicial District of Cameron County, Texas at the Courthouse of said ... in Brownsville, Texas. Said ___PETITION___ was filed on ___. A copy of same accompanies this citation.

... file number of said suit being No. 2002-02-000645-G.

... style of the case is:

FINSA DEVELOPMENT CORPORATION
VS.
WALNUT GROVE L.LC.

... petition was filed in said court by ___HON. WILLIAM A. FAULK___
attorney for ___PLAINTIFF___, whose address is
___E. RUBEN M TORRES SR BLVD BROWNSVILLE TX 78520___

The nature of the demand is fully shown by a true and correct copy of the ... accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to ...irements of law, and the mandates thereof, and make due return as the law ...

Issued and given under my hand and seal of said Court at Brownsville, ..., this the ___13th___ day of ___FEBRUARY___, A.D. ___2002___.



___AURORA DE LA GARZA___, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

By: _____, Deputy
    R. Cornejo



RETURN OF OFFICER

ame to hand the _14th_ day of _Feb_, _2001_, at _5:00_ o'clock _P_.M.

xecuted (not executed) on the _15th_ day of _Feb_, _2002_ by delivery

Jalnal Gro Sun

_____ in person a true copy of this

pon which I endorsed the date of delivery, together with the accompanying

f the _Plaintiff Original Petition_

use of failure to execute this citation is: _____

_____

ES serving 1 copy

tal....... $_____

es paid by: _____

Sheriff/constable _____ County, Texas

By _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| FINSA DEVELOPMENT CORPORATION § § **Plaintiff,** § § VS. § § WALNUT GROVE L.L.C. § § **Defendants.** § | CIVIL ACTION NO. 02-043 |

## LIST OF COUNSEL

William A. Faulk, Jr.
Daniel P. Whitworth
Renfro, Faulk & Blakemore, L.L.P.
185 E. Ruben Torres, Sr. Blvd.
Brownsville, TX 78520
(956) 541-9600
(956) 541-9695 (fax)
**Attorney for Finsa Development Corporation**

Ralph A. Midkiff
Clements, O'Neill, Pierce, Wilson & Fulkerson, L.L.P.
1000 Louisiana, Suite 1800
Houston, Texas 77002-5009
(713) 654-7600
(713) 654-7690 (fax)
**Attorney for Walnut Grove, L.L.C.**

David Oliveira
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520
(956) 542-5666
(956) 542-0016 (fax)
**Co-counsel for Walnut Grove, L.L.C.**