IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
MAR 2 6 2002
Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| FINSA DEVELOPMENT CORPORATION<br>*Plaintiff* | § § § § | |
| VS. | § | CIVIL ACTION NO. B-02-043 |
| WALNUT GROVE L.LC.<br>*Defendant* | § § § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE OR IN THE ALTERNATIVE, MOTION FOR STAY PENDING THE OUTCOME OF THE PRIOR AND PENDING ILLINOIS SUIT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF, FINSA DEVELOPMENT CORPORATION and files this it's Response to Defendant's Motion to Dismiss for Improper Venue or in the Alternative, Motion for Stay Pending the Outcome of the Prior and Pending Illinois Suit and would more fully show as follows:

**I. Summary of Argument**

Plaintiff, FINSA Development Corporation filed its Original Petition in the 404th Judicial District Court of Cameron County on or about February 13, 2002 in order to establish and enforce it's constitutional mechanic's lien on land and improvements located in Cameron County in the event a favorable verdict is returned in plaintiff's favor in ongoing litigation in Illinois state court.

Defendant Walnut Grove L.L.C. removed the case to this Court on or about March 7, 2002 based on diversity jurisdiction of the parties. Plaintiff has not filed a motion to remand and instead files this its Response to Defendant's Motion to Dismiss for Improper Venue or in the Alternative, Motion for Stay Pending the Outcome of the Prior and Pending Illinois Suit (hereinafter

"Defendant's Motion") and requests that the Court deny the defendant's motion to dismiss and instead stay the present litigation pending the outcome of the Illinois litigation styled as Walnut Grove L.L.C. v. Finsa Development Corp., Cause No. 01 L 1121, in the Third Judicial Circuit Court for Madison County Illinois.

As a basis for the requested stay and as discussed below, original jurisdiction of an action for the foreclosure of a mechanic's lien on property is in a Texas District Court. Additionally, venue is properly brought in the county where all or a substantial part of the events or omissions occurred. *Texas Civil Practice & Remedies Code section 15.002(a)(1)*. In this instance, the land and improvements are within Cameron county.

Defendant Walnut Grove L.L.C. has also alternatively requested a stay of this action pending resolution of the Illinois litigation. Plaintiff is in agreement with this course. The present Texas action, filed by plaintiff, is an action to enforce and foreclose its statutory and constitutional mechanic's lien on land and improvements that are located within Cameron county in the event of a favorable damage award in the Illinois litigation. It was properly filed in Cameron county, because the property is located here. Contrary to the assertions of the defendant, it is not duplicative of the Illinois litigation, but is a measure to enforce any judgment through lien.

## II. Background/Procedural History

Plaintiff filed its Original Petition in the 404th District Court of Cameron county on or about February 13, 2002 in order to establish and and enforce it's constitutional and statutory mechanic's lien on land and improvements located in Cameron county. Jurisdiction of a suit to enforce a lien on land and improvements is proper in the District Court of Cameron county under *Section 24.007 of the Government Code and Article V. Section 8 of the Texas Constitution.*

Likewise, venue is proper in Cameron county pursuant to *15.002(a)(1) of the Texas Civil*

*Practice & Remedies Code.*

Plaintiff's suit was filed in order to establish and enforce a mechanic's lien to secure the payment of $531,966.00 remaining due and owing under a $2,919,111.00 contract between plaintiff and defendant in which plaintiff agreed to provide labor and materials for the construction of a warehouse project in Cameron county. It is plaintiff's position that defendant has breached the building contract. Defendant asserts otherwise. As a result of the disagreement, a suit between the present parties was instigated by the present defendant, Walnut Grove L.L.C. and is ongoing in Illinois state court pursuant to a forum selection clause in the building contract. Both sides are asserting various claims and counterclaims under the contract. However, in the present suit removed to this Court by defendant, plaintiff pleads for a judgment establishing plaintiff's constitutional and statutory mechanics liens on the land and improvements that are located within Cameron County, Texas. In the event of a favorable damage award in the Illinois litigation, plaintiff requests enforcement and foreclosure of its lien.

### a. Jurisdiction

Pursuant to *section 24.007 of the Government code* and *Article V. section 8 of the Texas Constitution*, jurisdiction of a suit to enforce a lien on land and improvements is properly in the Texas district court.

It has long been the rule that original jurisdiction of an action for the foreclosure of a mechanic's lien is in the Texas district court. *Handel v. Elliot*, 60 Tex. 145 (1883); *Tenison v. Hagendorn*, 155 S.W. 690(Tex.Civ.App–Dallas 1913, no writ); *Carroll v. McCarthy* 129 S.W.2d 1201 (Tex.Civ.App.–El Paso, 1939, no writ).

### b. Venue

Prior to changes in the 1983 venue statutes in Texas, Subdivision 12 of former art. 1995

V.T.C.S. contained a specific provision regarding the foreclosure of liens. It stated that a suit for the foreclosure of a mortgage or other lien "may be brought in the county where the property or any part therof subject to such lien is situated." *Moran v. First Paving Corp.*, 469 S.W.2d 30 (Tex. Civ. App.–Fort Worth 1971, no writ.). This provision was changed by *15.001 et seq. of the Texas Civil Practice & Remedies Code*. Venue of a suit for the foreclosure of a mechanics lien on a private construction project, like the present situation, is now controlled by the general venue statue found in *15.002(a)(1) of the Texas Civil Practice & Remedies Code*. It provides for the filing of a lawsuit in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

Defendant Walnut Grove L.L.C., points out in its Motion that the contract entered into between plaintiff and defendant contains a forum-selection clause that provides for mandatory venue in Illinois state court and that litigation is presently ongoing in Illinois state court regarding a dispute between the parties resulting from the contract to build the warehouse. As such, defendant has requested that the action presently before this Honorable Court, be dismissed because of the Illinois litigation or in the alternative that litigation be stayed pending the outcome of the ongoing Illinois suit. As a basis, the defendant asserts that the subject matter of the present suit is "entirely duplicative" of the Illinois suit. That is not entirely accurate. The Illinois litigation was instigated by Walnut Grove L.L.C., against FINSA Development Corporation with Walnut Grove asserting that FINSA has breached the Design/Build Agreement (contract) and caused it money damages. FINSA answered by denying it had breached the contract and pled affirmative defenses including that Walnut Grove had prevented FINSA from timely completing the warehouse by providing false information needed in order to complete same and by its other actions. FINSA also counterclaimed in the Illinois litigation that Walnut Grove breached the contract and made fraudulent

misrepresentation to induce FINSA into the contract. These issues are presently before the Illinois court pursuant to the forum selection clause contained in the building agreement. However, as noted above, the <u>jurisdiction and venue of a suit for foreclosure is properly established and foreclosed in a Cameron county district court where the property and improvements are located</u>. As such, plaintiff has filed this suit to establish and enforce its lien on property and improvements located within Cameron county, in the event the Illinois court returns a judgment for money damages in favor of plaintiff.

Therefore, plaintiff respectfully requests that the portion of defendant's Motion requesting dismissal for improper venue be denied but does agree that this case be stayed pending the outcome of the Illinois litigation, and that upon final judgment in the Illinois litigation, this Court apply Texas law and enforce FINSA's constitutional and statutory mechanic liens for any judgment in its favor on property located in Cameron county. In the unlikely event FINSA is not determined to be entitled to money damages, the enforcement of the lien will be a moot issue.

### III. Prayer

**Wherefore, Premises Considered,** plaintiff FINSA Development Corporation requests that the Court deny that portion of defendant Walnut Grove L.L.C.'s Motion requesting dismissal of plaintiff's suit and grant that portion of defendant Walnut Grove L.L.C.'s Motion requesting a stay of the litigation presently before this Court, until a final judgment is entered in the Illinois litigation.

Respectfully submitted,
Rentfro, Faulk & Blakemore, L.L.P.

/s/ William Faulk

William A. Faulk, Jr.
FED ID# 5944
SBOT # 06855100
Daniel P. Whitworth
FED ID# 23119
SBOT # 24008275

Of Counsel:
**Rentfro, Faulk & Blakemore, L.L.P.**
185 E. Ruben Torres, Sr. Boulevard
Brownsville, Texas 78520
Tel: (956) 541-9600
Fax: (956) 541-9695

**Attorneys for Plaintiff, FINSA Development Corporation**

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of March, 2002, a true and correct copy of the forgoing instrument was served upon all known counsel of record, via certified mail as follows:

Mr. Ralph A Midkiff
Clements, O'Neill, Pierce, Wilson & Fulkerson, L.L.P.
1000 Louisiana, Suite 1800
Houston, TX 77002-5009

Mr. David Oliveira
Roerig, Oliviera & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, TX 78520

Daniel P. Whitworth